**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KERI GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-03262-CRL-KLM |
| | ) | |
| DOT FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DOT FOODS, INC.'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant Dot Foods, Inc. ("Defendant" or "Dot Foods"), by and through its undersigned counsel, and for its Answer and Affirmative and Additional Defenses to the Complaint filed by Plaintiff Keri Gaines ("Plaintiff" or "Ms. Gaines"), and its Demand for Jury Trial, states as follows:

**"NATURE OF PLAINTIFF'S CLAIMS"**

1. Defendant admits only that, through the Complaint, Plaintiff attempts to assert a claim against Dot Foods relating to purported disability discrimination. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 1 and states that Dot Foods has committed no wrongdoing whatsoever and is not liable to Plaintiff under any legal theory.

**"JURISDICTION AND VENUE"**

2. The allegations contained in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 2, but does not contest this Court's jurisdiction over this matter.

3. The allegations contained in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 3, but does not contest the propriety of the venue of this action.

**"ADMINISTRATIVE PREREQUISITES"**

4. The allegations contained in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits only that Plaintiff attached a purported "Notice of Right to Sue" as Exhibit B to the Complaint. The purported Notice of Right to Sue speaks for itself and is the best evidence of its contents. Defendant denies any allegations contained in Paragraph 6 that are inconsistent therewith. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 6.

**"PARTIES"**

7. Defendant lacks the knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 and, therefore, denies the same.

8. Defendant admits only that Dot Foods, Inc. is a corporation doing business in Brown County with an address at 1 Dot Way, Mt. Sterling, Illinois 62353. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation contained in Paragraph 9.

10. Defendant admits only that, at the time of Plaintiff's employment, Dot Foods had at least fifteen employees. The remaining allegations contained in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations contained in Paragraph 10.

## "BACKGROUND FACTS"

11. Defendant admits only that Plaintiff worked for Defendant as a Warehouse Material Handler between July 2022 and January 7, 2023. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 11.

12. Defendant admits only that some of the job duties of a Warehouse Material Handler include packaging and distributing various customer orders. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 12.

13. Defendant admits only that Plaintiff disclosed the diagnosis of epilepsy on her pre-employment occupational health assessment. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies each and every allegation contained in Paragraph 14.

15. The allegations contained in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation contained in Paragraph 15.

16. Defendant admits only that it was informed that Plaintiff's epilepsy was well-managed. Except as expressly admitted herein, Defendant states that it lacks the information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 and, therefore, denies the same.

17. The allegations contained in Paragraph 17 are vague and ambiguous such that Defendant can neither admit nor deny them, and, therefore, no response is required. To the extent a response is deemed required, Defendant states that it lacks the information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and, therefore, denies the same.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant admits only that, after Plaintiff experienced a seizure at work on or about October 11, 2022, Plaintiff was temporarily re-assigned to light-duty work for approximately six weeks thereafter. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies each and every allegation contained in Paragraph 20.

21. Defendant denies each and every allegation contained in Paragraph 21.

22. Defendant admits only that it terminated Plaintiff because she violated various policies of Dot Foods by, among other things, lying about her pre-existing back, leg, and hip condition on her pre-employment occupational health assessment. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies each and every allegation contained in Paragraph 23.

24. Defendant denies each and every allegation contained in Paragraph 24.

25. Defendant denies each and every allegation contained in Paragraph 25.

**“COUNT I”**
**“Violation of the Americans with Disabilities Act”**
**“(Disability-Based Discrimination)”**

26. Defendant incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Defendant denies each and every allegation contained in Paragraph 27.

28. Defendant denies each and every allegation contained in Paragraph 28.

29. Defendant denies each and every allegation contained in Paragraph 29.

30. Defendant denies each and every allegation contained in Paragraph 30.

31. Defendant denies each and every allegation contained in Paragraph 31.

32. Defendant denies each and every allegation contained in Paragraph 32.

33. Defendant denies each and every allegation contained in Paragraph 33.

34. Defendant denies each and every allegation contained in Paragraph 34.

## **"RELIEF REQUESTED"**

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, including, without limitation, each and every claim for relief set forth in the WHEREFORE clause of the "Relief Requested" section following Paragraph 34 of Plaintiff's Complaint.

* * *

Defendant Dot Foods, Inc. denies each alleged violation of law and also denies each allegation that is not specifically answered otherwise.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

While continuing to deny the material allegations contained in Plaintiff's Complaint and each and every allegation of the Complaint not specifically admitted herein, Defendant Dot Foods, Inc. ("Defendant" or "Dot Foods") asserts the following affirmative and additional defenses. By setting forth these defenses, Dot Foods does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other deficiencies, she has not alleged and cannot allege or demonstrate facts showing that she was discriminated against because of her purported disability.

**Second Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Third Defense**

Plaintiff's claims fail because, among other reasons, all of the actions taken by Dot Foods with respect to Plaintiff were justified by legitimate, non-discriminatory, business reasons.

**Fourth Defense**

Dot Foods has complied with all laws and regulations and has otherwise satisfied its statutory obligations towards Plaintiff. Dot Foods engaged in no wrongdoing whatsoever.

**Fifth Defense**

Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

**Sixth Defense**

Plaintiff's claims are barred by her own wrongful or inequitable conduct barred under the doctrine of unclean hands and/or *in pari delicto*.

**Seventh Defense**

Plaintiff's own actions, including, but not limited to, Plaintiff's conduct in violation of Dot Foods' policies by, among other things, withholding and/or failing to fully disclose requested medical information on her pre-employment medical evaluation, caused and contributed to any damages she claims to have suffered.

**Eighth Defense**

To the extent that Plaintiff has suffered any damages, they were not caused by Dot Foods, and Plaintiff has failed to mitigate her damages by, among other things, failing to seek and/or maintain comparable employment.

**Ninth Defense**

Plaintiff's claims are barred by the after-acquired evidence doctrine.

**Tenth Defense**

Any claim for punitive damages alleged by Plaintiff is barred by Amendments V, VI, VII, IX, and XIV of the United States Constitution, and, as applicable, any corresponding provisions of the Illinois Constitution, in that, *inter alia*, punitive damages are penal in nature and amount to a criminal fine, constitute an unlawful taking, violate due process, and the guidelines, standards, and/or instructions for imposition of any such damages are vague, indefinite, and without proper limits. Further, any claim for punitive damages alleged by Plaintiff also fails as a matter of law because Plaintiff cannot establish that Dot Foods knowingly violated her civil rights.

**Eleventh Defense**

Defendant has not engaged in unlawful intentional discrimination with respect to Plaintiff, and Defendant, therefore, cannot be liable for punitive damages. Defendant states that, at all material times, Defendant acted in good faith towards Plaintiff and its actions were not malicious, in bad faith, or in willful or reckless indifference or disregard to any legal rights of Plaintiff.

**Twelfth Defense**

Plaintiff's claims are barred to the extent they fail to meet all prerequisites for bringing suit, including, but not limited to, Plaintiff's failure to file a timely Charge of Discrimination,

failure to include the foregoing allegations in her Charge of Discrimination, and/or failure to attempt to conciliate or to conciliate in good faith.

**Thirteenth Defense**

Even if Defendant is found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no impermissible factor caused or motivated such decisions or actions, and Defendant would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factor.

**Fourteenth Defense**

To the extent Plaintiff seeks relief based on any workplace accommodations that were not granted, such accommodations were not reasonable and/or would have caused an undue hardship.

**Fifteenth Defense**

Any damages awarded herein (for which all liability is denied) are subject to any applicable damages limit or cap, as provided by law, including, but not limited to, the caps on damages contained in the ADA or any other applicable federal or state law.

**Sixteenth Defense**

Plaintiff is not entitled to a jury trial on any claim for equitable relief.

**Seventeenth Defense**

Plaintiff's claims are barred to the extent they purport to assert unlawful employment practices outside the relevant limitations period for Plaintiff's charge of discrimination filed on June 8, 2023.

**RESERVATION**

Dot Foods reserves the right to amend or supplement its Affirmative and Additional Defenses as appropriate and as it learns of additional defenses through discovery.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Dot Foods hereby demands a trial by jury as to all issues properly so triable.

WHEREFORE, having fully responded to the allegations in Plaintiff's Complaint, Defendant Dot Foods, Inc. prays that this Court dismiss the Complaint with prejudice, order that Plaintiff takes nothing on her claims against Dot Foods, award Dot Foods its fees and costs incurred herein, and grant such other and further relief to Dot Foods as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: October 4, 2023

By: /s/ Brian P. Pezza

Brian P. Pezza, IL Bar No. 6305340
Taylor J. Essner, IL Bar No. 6328477
**LEWIS RICE LLC**
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7656
Facsimile: (314) 612-7656
bpezza@lewisrice.com
tessner@lewisrice.com

*Attorneys for Defendant Dot Foods, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of October, 2023, a true copy hereof was filed via the Court's electronic filing system to be served on the following counsel of record by operation of the Court's CM/ECF system:

Mohammed O. Badwan
Travis P. Lampert
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com
tlampert@sulaimanlaw.com

*Attorneys for Plaintiff*

/s/ Brian P. Pezza